IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEREMIAH P. KING,       § | |
| § | |
| Plaintiff,       § | |
| § | |
| v.       § | Civil Action No. 4:22-cv-0006-O-BP |
| § | |
| LISA CALLAGHAN, *et al.*,       § | |
| § | |
| § | |
| Defendants.       § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants Lisa Callaghan and Raymond Lee's Motion to Dismiss with brief and appendix in support (ECF Nos. 13-14), Plaintiff Jeremiah King's Response (ECF No. 17), and Defendants' Reply (ECF No. 18). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 13) and **DISMISS** this action **WITHOUT PREJUDICE**.

**I.      BACKGROUND**

King pleaded guilty to aggravated assault in September 2018 in the 213th Judicial District Court of Tarrant County, Texas. *See* ECF No. 14-1 at 2. As part of his plea bargain, the court entered a Deferred Adjudication Order placing King on four years of probation, ordering him not to contact the victim (his mother), and instructing him to attend anger management therapy and complete other standard conditions. *Id.* at 11. King violated the Order's terms, resulting in a change to his probation conditions. *Id.* at 18. Among other things, the Modified Deferred Adjudication

Order implemented a curfew for King and prohibited him from contacting his grandmother, Evelyn Arnold. *Id.* at 22.

King challenged the condition restricting his contact with Arnold in April 2021, but the State rejected his challenge and the restriction remained. *Id.* at 37-39. King challenged it again in November 2021, prompting the State to reverse course and lift the restriction (albeit with additional protective measures in place). *Id.* at 40-45. Perturbed by these protective measures, which limited the conditions under which King could visit Arnold, King filed the instant action. *See* ECF Nos. 1, 5. He sues Defendants Callaghan and Lee, two prosecutors from his state court criminal proceedings. *Id.* He says Defendants had a "clear and apparent ulterior motive which could be seen by even a blind man" in his criminal proceedings, but does not articulate the facts leading him to that conclusion. ECF No. 5 at 7.

King's Complaint contains almost no factual assertions regarding Defendants, yet vehemently insists they committed unspecified acts of impropriety and prosecutorial misconduct. *See id.* In fact, the Complaint only contains a single factual allegation directly attributable to Defendants: "add[ing] to the terms and conditions of [his] probation" without probable cause. *Id.* at 7. All other references to Defendants are conclusory statements. Beyond Callaghan and Lee— the only named defendants in this action—King's Complaint accuses someone named Theresa Wagner of a wide array of wrongdoing, ranging from drugging his grandmother and forcing her to testify falsely to forging a power of attorney to embezzle her life savings. *See id.* at 7-8.

As for Defendants, King believes they were in cahoots with Wagner and acted to further her unspecified nefarious agenda. *Id.* He claims they acted with "malice" when altering the terms of his probation and says the restriction on his contact with Arnold violated his constitutional rights and "deprived [him] of [his] probable cause." *Id.* He seeks $3,000,000 in damages and asks the

Court to "nullify" the State's Orders. *Id.* On April 7, 2022, Defendants moved to dismiss King's action under Federal Rules of Civil Procedure 12(b)(1), (6). ECF No. 13. They seek dismissal on four grounds:

> (1) King's claims, which merely constitute an improper attack on his order of deferred adjudication community supervision (as judicially modified) are *Heck*-barred; (2) Callaghan and Lee are entitled to absolute prosecutorial immunity; (3) Callaghan and Lee, who are only sued in their official capacities, are entitled to Eleventh Amendment Immunity; and (4) Alternatively, King's claims concerning the October 8, 2019 order are barred by the two-year statute of limitations.

*Id.* at 3. King's response did not address Defendants' statute of limitations argument or their arguments under *Heck v. Humphrey*, 512 U.S. 477 (1994). But King contends (1) Defendants do not merit prosecutorial immunity because they "acted out of malice" and thus "should enjoy no immunities under this or any other provision"; and (2) Defendants do not merit Eleventh Amendment immunity because their actions were "outside the scope" of their prosecutorial duties and based on "ulterior motives." ECF No. 17 at 2-4.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) allows parties to move for a complaint's dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). To meet this burden, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d

3

1254, 1259 (5th Cir. 1988) (citation omitted). The Court must grant a Rule 12(b)(1) motion "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Thus, dismissals for lack of subject-matter jurisdiction should not be entered with prejudice. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984) (citation omitted).

  **B.**  **Eleventh Amendment Immunity Standard**

The Eleventh Amendment provides a ground for 12(b)(1) motions in actions against a state agent or entity. *See* U.S. CONST. amend. XI (providing that "[t]he Judicial power of the United States" does not extend to lawsuits "against one of the United States"). "The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies . . . This immunity applies unless it is waived by consent of a state or abrogated by Congress." *Curry v. Ellis Cty., Tex.*, 3:08-cv-1675-L, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)). Eleventh Amendment immunity cannot easily be circumvented, as it precludes federal jurisdiction "unless [the State] *unequivocally* consent[s] to suit or unless Congress, pursuant to a valid exercise of power,

*unequivocally* expresses its intent to abrogate immunity." *Pennhurst*, 465 U.S. at 99-100 (emphasis added).

Any official of any state agency may claim Eleventh Amendment immunity if the lawsuit seeks relief that "would operate against the [State]." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). (per curiam). Eleventh Amendment immunity precludes federal jurisdiction over such cases "regardless of whether [they] seek[] damages or injunctive relief." *Cory v. White*, 457 U.S. 85, 91 (1982). The *Ex parte Young* doctrine provides an exception to this broad applicability. *See Ex parte Young*, 209 U.S. 123 (1908). Under the doctrine, federal courts "may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). To determine if *Ex parte Young* applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011). The Fifth Circuit has clarified three distinct prongs to this "straightforward inquiry": (1) the "plaintiff must name individual state officials as defendants in their official capacities," *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013); (2) the plaintiff must "allege[] an ongoing violation of federal law," *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); and (3) the plaintiff must seek relief "properly characterized as prospective," *id. See generally Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 471 (5th Cir. 2020) (discussing the inquiry's three prongs). If the complaint seeks prospective relief, the plaintiff "must demonstrate that the state officer has 'some connection' with the enforcement of the disputed act." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Ex parte Young*, 209 U.S. at 157).

C.     **Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to

5

state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a viable claim, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). While complaints do not need detailed factual allegations to survive 12(b)(6) dismissal, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the complaint's allegations are true." *Id.*

District courts "can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

As a *pro se* litigant, King's "pleadings are to be construed liberally." *Sama v. Hannigan*, 669 F.3d 585, 599 (5th Cir. 2012) (citing *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002)). "'However inartfully pleaded,' a *pro se* complaint must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, "even a liberally-construed *pro se* complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). In making this determination, the court must inquire "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### D.  *Heck* Doctrine Standard

The preclusive doctrine outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny prohibits litigating cases where success on a claim would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486-87. Put differently, a civil action is precluded under *Heck* if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000); *see Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (dismissing under *Heck* where claimant "could not prevail . . . without undermining the validity of his criminal convictions"). This "favorable termination rule" is an absolute bar to litigation "unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007).

The Fifth Circuit has "conclude[d] that a deferred adjudication order is a conviction for the purposes of *Heck*'s favorable termination rule." *Id.* at 656. If claimants wish to "object[] to the results of a prior proceeding, the proper avenue for relief is an authorized appeal in *that* proceeding—not an end-run through § 1983." *Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020).

The Fifth Circuit has clarified that dismissals under *Heck* are for failure to state a claim, though case law had historically provided conflicting answers to that query. *See Colvin v. LeBlanc*, 2 F.4th 494, 498-99 (5th Cir. 2021) (discussing conflicting historical precedents and ruling that "[b]y its own language, therefore, *Heck* implicates a plaintiff's ability to state a claim, not whether the court has jurisdiction over that claim").

   **E.**  **Prosecutorial Immunity Standard**

Prosecutors enjoy heightened immunity protections beyond those afforded state officials generally under the Eleventh Amendment. *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Such immunity represents a threshold issue in federal court proceedings. *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The essence of absolute prosecutorial immunity "is its possessor's entitlement not to have to answer for his [or her] conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Relevant here, such immunity applies to lawsuits alleging malicious prosecution. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *see also Boyd*, 31 F.3d at 285. In fact, "[a]bsolute immunity shelters prosecutors even when they act 'maliciously, wantonly, or negligently.'" *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)).

**III. ANALYSIS**

Several independent reasons justify dismissing King's lawsuit. The undersigned first addresses Defendants' jurisdictional arguments, the threshold consideration in any federal court litigation. *See United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019) (per curiam).

While the analysis can stop there, the undersigned also addresses Defendants' Rule 12(b)(6) arguments to add context should the Court determine any of King's liberally construed claims survive Defendants' jurisdictional attacks. The undersigned does not address Defendants' statute of limitations argument because that argument only applies to a subset of King's claims—those predicated on his challenge of the state court's October 8, 2019 Order—and other reasons independently warrant dismissal of his entire case.

### A.  Defendants are entitled to Eleventh Amendment immunity.

Because the Court is one of "limited jurisdiction," jurisdictional challenges warrant threshold consideration. *Kokkonen*, 511 U.S. at 377. Here, Defendants assert the Court lacks jurisdiction because the Eleventh Amendment affords them immunity from King's lawsuit. ECF No. 13 at 9-11. The Eleventh Amendment is a "jurisdictional bar to suit in federal court against a state or one of its agencies," *Curry*, 2009 WL 2002915, at *3, meaning the Court lacks jurisdiction unless Congress abrogated such immunity or Texas waived it. *See Pennhurst*, 465 U.S. at 99-100. Neither is the case here, and King seeks damages and "nullification" of his probation conditions. *See* ECF No. 5 at 7-8. Because such relief "would operate against" the State, the Eleventh Amendment presumptively precludes federal jurisdiction over King's lawsuit. *Gordon*, 373 U.S. at 58. But as discussed below, the Court cannot find jurisdiction lacking under the Eleventh Amendment without first determining whether King's claims fall under the exception outlined in *Ex parte Young* and its progeny.

### 1.  *Ex parte Young* does not apply to King's claims.

*Ex parte Young* excepts Eleventh Amendment immunity under limited circumstances so federal courts "may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern*, 440 U.S. at 337. If applicable here, the Court may exercise jurisdiction over

King's claims even if they are otherwise Eleventh Amendment-barred. *Ex parte Young* applies if three conditions are met: (1) King "must name individual state officials as defendants in their official capacities," *Raj*, 714 F.3d at 328; (2) King must "allege[] an ongoing violation of federal law," *Verizon Md.*, 535 U.S. at 645; and (3) the relief sough must be "properly characterized as prospective," *id. See generally Green Valley*, 969 F.3d at 471.

King satisfies the first condition by specifying "the actions of Lee and Callighan [sic] were in their official compacity [sic]." ECF No. 17 at 4. He satisfies the second condition by alleging the Deferred Adjudication Order, still in effect, violates his constitutional rights. ECF No. 5 at 7. But he does not satisfy the third condition because he seeks money damages and "nullification" of an existing state judicial order, *see* ECF No. 5 at 7-8, neither of which is "properly characterized as prospective." *See Va. Off. for Prot. & Advoc.*, 563 U.S. at 255. Such "relief—the voiding of a final state agency order—is quintessentially retrospective." *Green Valley*, 969 F.3d at 473 (quotation marks and citation omitted). Thus, King cannot escape the Eleventh Amendment's jurisdictional bar by resort to *Ex parte Young*. *See Green v. Mansour*, 474 U.S. 64, 68 (1985).

While the analysis need not progress further because the Court lacks jurisdiction, the undersigned recognizes King's *pro se* "pleadings are to be liberally construed." *Sama*, 669 F.3d at 599 (citing *Perez*, 312 F.3d at 194-95). Even holding his Complaint to "less stringent standards than formal pleadings drafted by lawyers," *Haines*, 404 U.S. at 520, the undersigned sees no colorable claim for prospective relief plausibly inferable from King's pleadings. Nevertheless, the undersigned briefly addresses additional reasons King's claims should be dismissed. This is proper here, because "even if some of the relief sought is not available, it does not follow that *Young* bars [King's] entire suit." *Green Valley*, 969 F.3d at 473. Thus, if the Court liberally construes a request for prospective relief within King's pleadings, that claim would survive Defendants' assertion of

Eleventh Amendment immunity. But as discussed below, any claim that theoretically survives under *Ex parte Young* is *Heck*-barred, precluded by prosecutorial immunity, and fails to state a claim for which relief could be granted.

### B. King's case is barred by *Heck*.

The preclusive doctrine articulated in *Heck v. Humphrey* bars King's lawsuit independently of the jurisdictional challenges assessed above because it speaks to King's ability to state a claim, not the Court's ability to adjudicate that claim. *Colvin*, 2 F.4th at 498-99. Thus, the undersigned addresses the *Heck* analysis under Federal Rule of Civil Procedure 12(b)(6), rather than Rule 12(b)(1).

The *Heck* doctrine precludes cases where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Hainze*, 207 F.3d at 798; *see Heck*, 512 U.S. at 486-87. Here, King expressly challenges the validity of Deferred Adjudication Orders issued in his state court criminal proceedings. *See* ECF No. 5.  Indeed, part of the relief he requests is "nullification" of those Orders. *Id.* at 27. Given the relief he requests is predicated on the Court's finding his state court proceedings invalid, *Heck* applies a priori to King's case. The Fifth Circuit has placed the issue beyond dispute, clarifying that "a deferred adjudication order is a conviction for the purposes of *Heck*'s favorable termination rule." *DeLeon*, 488 F.3d at 656. Thus, King's action must be dismissed unless he demonstrates the decision resulting in the Order has been reversed, expunged by executive order, or declared invalid by a state tribunal authorized to make such a determination. *Heck*, 512 U.S. at 486-87. Because he makes no such showing, Judge O'Connor should dismiss this case as *Heck*-barred.

### C. Even if not barred by Eleventh Amendment immunity or *Heck*, King's claims fail as a matter of law.

Because Defendants are immune under the Eleventh Amendment and this action is *Heck*-barred, King's road here. But even if a liberally construed claim for prospective relief survived under *Ex parte Young* and overcame the *Heck* bar, the claim still would fail as a matter of law for two reasons discussed below.

#### 1. Defendants are entitled to prosecutorial immunity.

Prosecutorial immunity applies to Defendants here in addition to the Eleventh Amendment immunity discussed above. *See Boyd*, 31 F.3d at 284-85. As prosecutors in King's state court criminal proceeding, Defendants are absolutely immune from this action. *Buckley*, 509 U.S. at 273; *Michell*, 472 U.S. at 52. But such immunity only shields Defendants from lawsuits based on acts performed "in the course of [their] role as an advocate for the State." *Buckley*, 509 U.S. at 273. King's pleadings provide internally conflicting allegations on this point. King specifies "the actions of Lee and Callighan [sic] were in their official compacity [sic]." ECF No. 17 at 4. And, he says their actions were "not actions carried out a[s] part of them attending to prosecutorial duties." *Id.*

The undersigned looked to King's factual assertions to ascertain the gravamen of his allegations and resolve this seeming conflict. The only facts he alleges against Defendants regard their role in adding conditions to his Deferred Adjudication Orders after he violated the terms of his initial 2018 Order. *See* ECF No. 5 at 7-8. Thus, apart from any labels attached to his allegations, review of King's Complaint makes clear he sues Callaghan and Lee for actions within the scope of their prosecutorial function. Consequently, Defendants' absolute prosecutorial immunity bar his claims. *Buckley*, 509 U.S. at 273. While he emphasizes Defendants "acted out of malice" and thus "should enjoy no immunities," *see* ECF No. 17 at 2-4, the law lends no credence to this argument.

*See Brummett*, 946 F.2d at 1181. On the contrary, "[a]bsolute immunity shelters prosecutors even when they act 'maliciously, wantonly, or negligently.'" *Rykers*, 832 F.2d at 897 (quoting *Morrison*, 761 F.2d at 248). Thus, Defendants are immune from King's claims, and his lawsuit should be dismissed accordingly.

### 2. King fails to state a claim on which relief can be granted.

Even if a remnant of King's allegations dodged Defendants' Eleventh Amendment immunity via *Ex parte Young*, survived dismissal under *Heck*, and managed to circumvent Defendants' prosecutorial immunity, his case should be dismissed under Rule 12(b)(6) because he does not state a claim for which relief can be granted. While mindful King's *pro se* pleadings should be "indulgently read," *Covington*, 528 F.2d at 1370, his *pro se* status does not relieve him of the obligation to "set forth facts giving rise to a claim on which relief may be granted." *Levitt*, 847 F.2d at 221. As recounted above, he fails to do so.

King's Complaint contains far more allegations against Theresa Wagner than against Defendants. *See* ECF No. 5 at 7-8. With respect to Defendants, the Complaint's only allegations regard their allegedly malicious handling of his Deferred Adjudication Orders. *Id.* Even for *pro se* plaintiffs, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678) (citing *Twombly*, 550 U.S. at 556). King's Complaint does not even recite the elements of a colorable cause of action. *See* ECF No. 5 at 7-8. He intimates Defendants were pawns in Wagner's larger scheme to defraud his grandmother and impose unfair conditions on his Deferred Adjudication Order. *Id.* But such conclusory statements do not support a cognizable legal claim against Defendants. If King wishes to pursue a separate action against Wagner, he may. But at present, he fails to articulate "enough facts to state a claim

to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, his case should be dismissed for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## IV.   CONCLUSION

The Eleventh Amendment deprives this Court of jurisdiction over King's lawsuit. Any liberally construed claims that survived Defendants' Eleventh Amendment immunity would be barred by *Heck v. Humphrey*. Any liberally construed claims that survived Defendants' Eleventh Amendment immunity and *Heck* would be barred by Defendants' prosecutorial immunity. Any liberally construed claims that survived Defendants' Eleventh Amendment immunity, *Heck*, and Defendants' prosecutorial immunity would fail to establish a colorable legal claim. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion to Dismiss (ECF No. 13) and **DISMISS** this action **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 16, 2022.

                                               Hal R. Ray, Jr.
                                           UNITED STATES MAGISTRATE JUDGE

15